GARY A. KIDDIE and MARLENE (RAE) KIDDIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kiddie v. Commissioner
Docket No. 16479-81.
United States Tax Court
T.C. Memo 1983-582; 1983 Tax Ct. Memo LEXIS 201; 46 T.C.M. (CCH) 1475; T.C.M. (RIA) 83582; September 22, 1983. Gary A. Kiddie, pro se. Donna J. Rice, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions thereto as follows: Sec. 6653(a) [1] additions
Taxable Year Ended
Deficiency
to tax
December 31, 1977
$6,183
$309
December 31, 1978
8,339
417
December 31, 1979
7,445
372
After concessions the *202 remaining issues are: (1) whether the petitioners are entitled to claimed charitable contribution deductions alleged to have been paid to the House of the Maui Moon during the years in issue in the amounts of $5,746.04, $11,177, and $5,105, for the years 1977, 1978 and 1979, respectively; (2) whether the petitioners are entitled to claimed interest expense deductions for brokers' commission fees in the amounts of $100 for 1977, and $500 for 1978; and (3) whether the petitioners are liable for the determined additions to tax under section 6653(a) for the three years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of the filing of the petition herein and at all relevant times petitioners resided in San Ramon, California. Their Federal income tax returns for the years in issue were timely filed with the Internal Revenue Service Center at Fresno, California. The Universal Life Church, Inc. (hereinafter ULC), is located in Modesto, California, and it has been granted and held, during the years in issue, section 501(c)(3) exemption, employer identification number 94-1599959. On September 27, 1977, ULC assigned its charter number *203 24,971 to the House of the Maui Moon. The names of the members of the House of the Maui Moon (hereinafter Maui) congregation during the years in issue were Gary A. Kiddie and Marlene (Rae) Kiddie, the petitioners herein, and he address of Maui was the same as the residence address of the petitioners. Maui had no officers other than the petitioners during the years in issue. Petitioner Gary A. Kiddie was employed, under a written employment agreement, in another occupation or profession separate and unrelated to Maui during the years in issue and had the same duties and performed the same tasks for that employer during such years as he had prior to the years in issue. During the year 1977 petitioners wrote nine checks to Maui between October 3 and December 19 inclusive, which checks totaled $5,746.04, and each such check was deposited into the Crocker National Bank account for Maui. OPINION At the trial herein petitioners stated that in June of 1979 they withdrew Maui from ULC and sent all of their records relative to Maui back to ULC. Petitioners stated further that they had kept no copies of correspondence with ULC and "[w]hen we dissolved the church, we got rid *204 of everything back to them." Petitioners stated that they did not recognize this Court as a "Court at law" and felt that they were being compelled to testify and participate in a system that violated their Fifth Amendment rights "as well as Seventh Amendment rights, and so forth." After these statements had been made into the record the Court again cautioned petitioners that the burden of proof was on them as to all issues in this case and that they were entitled to testify and to call witnesses, but petitioners declined to either call witneses or to testify and rested. As a result the findings of fact herein are taken from the stipulation, the stipulated exhibits, and from respondent's request for admissions, and petitioners' answers thereto, which have been admitted as respondent's Exhibits E and F herein.
Respondent's determination is presumptively correct and the burden of proof is on petitioners as regards all of the remaining issues in this case. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The only evidence in the entire record on the remaining issues is that in 1977 petitioners' checks totaling $5,746.04 were delivered to Maui, but there is *205 no evidence establishing the religious purposes or activities of Maui nor are any of the details or provisions of its "charter" shown. Consequently, we have no alternative but to sustain respondent's determinations as modified by the concessions which have been noted. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩